Honorable Christopher M. Alston

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In re:<br><br>NOAH N. KEABLES,<br><br>　　　　Debtor(s). | )<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Bankruptcy No. 14-11665 |
| BANKRUPTCY ESTATE OF NOAH N. KEABLES, by and through Edmund J. Wood, Bankruptcy Trustee,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAMELA KEABLES,<br>a/k/a Pamela McDaniel,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. No.<br><br><br><br><br>COMPLAINT TO RECOVER<br>POST-PETITION TRANSFER |

COMES NOW Edmund J. Wood, the trustee herein, through counsel, The Livesey Law Firm, and Rory C. Livesey, and alleges as follows:

I. PARTIES AND JURISDICTION

1. Plaintiff is the duly qualified and acting trustee in this case.

2. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 548, 549, 550 and 551, and Bankruptcy Rule 7001. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (H).

**COMPLAINT TO RECOVER
POST-PETITION TRANSFER**
190506dCmp    Page 1

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

3. Debtor Noah N. Keables filed a Chapter 7 bankruptcy petition on March 7, 2014. On the date of the filing the debtor was married to defendant Pamela Keables and the two constituted a martial community.

## II. FACTS

4. Upon the filing of the Chapter 7 petition, certain real property located at 29905 - 8th Place South, Federal Way, Washington 98003, became an asset of the estate. The legal description and parcel number are as follows:

> Lot 8, Block 3, Marine Hills No. 1, according to the plat thereof recorded in Volume 56 of Plats, Pages 98 and 99, in King County, Washington;
>
> Situate in the City of Federal Way, County of King, State of Washington.
>
> Parcel Number 5151600115.

("The Property"). The Property was the community property of the debtor and the defendant.

5. On July 6, 2017, the debtor transferred the Property to the defendant. The stated consideration was the property settlement in relation to the dissolution of marriage.

## III. FIRST CAUSE OF ACTION

6. The transfer occurred after the commencement of the above-referenced bankruptcy filing and the transfer was not authorized by any provision of the Bankruptcy Code, nor approved by order of the court.

7. The transfer by the debtor to the defendant is a voidable post-petition transfer pursuant to 11 U.S.C. §§ 549, 550 and 551 of the Bankruptcy Code.

## IV. SECOND CAUSE OF ACTION

8. In the alternative, the transfer by the debtor to the defendant was for less than a reasonably equivalent value in exchange for the transfer while the debtor was insolvent.

9. The transfer by the debtor to the defendant is an avoidable transfer under 11 U.S.C. §§ 548, 550 and 551 of the Bankruptcy Code.

**COMPLAINT TO RECOVER
POST-PETITION TRANSFER**
190506dCmp   Page 2

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

1       WHEREFORE, the trustee prays that the defendant be ordered to surrender and deliver possession of the Property of the estate described herein to the plaintiff forthwith, or, if the court so orders, the value of the property, together with costs of suit incurred herein and for such other and further relief as the court deems just and proper.

      RESPECTFULLY SUBMITTED this 10th day of May, 2019.

                              THE LIVESEY LAW FIRM

                                /S/ *Rory C. Livesey*

                                Rory C. Livesey, WSBA #17601
                                Attorney for Plaintiff/Trustee

**COMPLAINT TO RECOVER POST-PETITION TRANSFER**
190506dCmp  Page 3

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826